Miracle Temple Apostolic Holiness Church of Am., Inc. v Mack (2026 NY Slip Op 26018)

[*1]

Miracle Temple Apostolic Holiness Church of Am., Inc. v Mack

2026 NY Slip Op 26018

Decided on February 3, 2026

Civil Court Of The City Of New York, Kings County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 3, 2026
Civil Court of the City of New York, Kings County

Miracle Temple Apostolic Holiness Church of America, Inc., Petitioner,

againstSeleah Mack, ANTHONY HEWARD, Respondent, "JOHN DOE & JANE DOE" Co-Respondents, 
 387 Stuyvesant Avenue Apt. 3rd Floor Brooklyn, NY 11233, Subject Premises.

Index No. L&T 333991/2024

Peter S. Sanders, Esq.Capell Barnett Matalon & Schoenfeld LLPNew York, NYAttorney for petitioner 
Ali Hassan, Esq.Brooklyn Legal ServicesBrooklyn, NYAttorneys for respondent

Javier E. Ortiz, J.

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:
Papers NYSCEF NumberedRespondent's Notice of Motion, along with supporting affirmations and exhibit 8-11Petitioner's Affirmation in Opposition, along with supporting affidavit and exhibits 12-24Respondent's Affirmation in Reply 25Papers considered: (NYSCEF Doc Nos. 8-25)
At controversy here is whether Real Property Law ("RPL") §214(14) applies to the subject premises, the provision exempting religious institutions from New York's Good Cause Eviction Law (hereinafter "GCEL"). For the reasons stated below, the court holds that Petitioner has failed to state a cause of action insofar as exclusively availing itself to the GCEL religious exception, and therefore the proceeding is dismissed without prejudice. 
Procedural and Factual BackgroundThe petition in this summary holdover proceeding alleges that Respondents are month-to-month tenants who entered into possession of the subject premises in or about December 1998 and whose tenancy was terminated by way of a 90-day Notice of Termination dated August 26, 2024. (NYSCEF Doc. 1). The petition also alleges that the subject premises is: 1) not rent stabilized as the building is a two-family home; and 2) exempt from the GCEL due to the "unit [being] within and for use by a religious facility or institution." (NYSCEF Doc. 1 at ¶8).
On September 28, 2025, SELEAH MACK (hereinafter "Respondent"), the only appearing Respondent, retained Brooklyn Legal Services as her attorney. Respondent, through counsel, filed the instant motion to dismiss pursuant to CPLR §3211(a)(7) & RPAPL §741(4) alleging that Petitioner failed to state a cognizable cause of action.
DiscussionNew York's GCEL was enacted on April 20, 2024. Subject to exceptions, the law limits landlords from recovering possession of certain categories of housing accommodations except for good cause as defined by RPL §216. (L 2024, ch 56, part HH, §1). RPL §214 shapes the content of the law by creating fourteen (14) different categories of housing accommodations not subject to the GCEL. It is worth noting that a landlord can claim more than one exception to the GCEL, however here Petitioner exclusively claimed an exception pursuant to §214(14). The court also notes that Petitioner has not cross-moved to amend their petition. (See CPLR §3025[b]; see also Sin Hang Lau v Yun He Zheng, 86 Misc 3d 859, 225 N.Y.S.3d 854 [Civ Ct, Kings County 2025]).
As stated, the specific provision at controversy is RPL §214(14), which provides an exception for a "housing accommodation within and for use by a religious facility or institution." Definitions of key terms are essential to a proper understanding of the statute, namely, the meaning of: "within"; "use"; "housing accommodation"; and "religious institution or facility." The statute does define housing accommodation as "any residential premises, including any residential premises located within a mixed-use residential premises." (RPL §211[1]). Further, it is undisputed on this record that Petitioner is a religious institution. However, in making this determination, the court notes that the Legislature has not defined "use" or "within." It therefore becomes a matter of interpreting these words in their ordinary and usual sense.
As a threshold matter, the starting point in any case of statutory interpretation must always be the language itself, giving effect to the plain meaning thereof. (Raynor v Landmark Chrysler, 18 NY3d 48, 56 [2011]). Where a problem as to the meaning of a given term arises, a court's role is not to delve into the minds of legislators, but rather to effectuate the statute by carrying out the purpose thereof, as it is embodied in the words chosen by the Legislature. (Braschi v Stahl Assocs. Co., 74 NY2d 201, 208 [1989]). A general principal of statutory [*2]construction that applies in the case it bar is the maxim,
expressio unius est exclusio alterius. . . so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded. (EVMF Owner LLC v. Hayashi, LT-312491-24/NY [Civ Ct., NY County, 2025], citing Colon v Martin, 35 NY3d 75, 78 [2020]).That said, the court begins with the interpretation of the word "use." The court finds owner occupancy proceedings (hereinafter "owner's use") particularly instructive. (9 NYCRR §2524.4[a][1]). Notably, there are some parallels between owner's use and RPL §214(14), as the religious institution claiming an exception to the GCEL is, more often than not, the owner of the subject premises. What further stands out is that "use" in §9 NYCRR 2524.4(a)(1) is phrased in tandem with "occupancy," highlighting how the owner intends to make the housing accommodation their primary residence, which substantiates the reason to terminate a rent stabilized tenancy. The language and theme throughout the owner's use statute speaks of prospective intentions and the basis/underlying reason petitioner intends to commence a cause of action and regain possession of real property.
In contrast, however, the language of RPL §214 speaks in the present tense. All fourteen exceptions describe how the current state of the subject premises, vis-à-vis, petitioner's ownership, use, finances, inter alia, substantiates an exception to the GCEL. RPL §214(14) further leaves out the word occupancy, which lends itself to the conclusion that a landlord's intention, whether it be for a transition of primary residence or future "use," is immaterial to the analysis and application of the GCEL. Not to mention, the Legislature could have inputted terminology reflecting future intention and failed to do so, something this court shall interpret as an intended omission and exclusion. (Martin, 35 NY3d at 78 [2020]).
This has particular salience given the affirmation of Senior Pastor John Powell (hereinafter "Pastor Powell"). Pastor Powell eloquently affirmed that the subject building is a church with a small congregation attempting to serve minority communities in the Bedford-Stuyvesant area of Brooklyn. (NYSCEF Doc 13 at ¶8). He also explained how the church needs to recover possession of the subject premises as they intend to house "missionaries and affiliate church members from as far away as Virgina and North Carolina." (NYSCEF Doc. 13 at ¶18). Pastor Powell paints a picture of a church struggling financially given that only the first floor receives a religious tax exemption, a status Petitioner intends to change/expand upon recovery of the subject premises. Specifically, his vision is to have the subject building as the "centerpiece in a network of affiliate churches that support and help each other. . .This plan requires the Church to recover possession of Respondent's apartment to house these affiliate church members." (Id.). In short, these are intentions that describe future plans and hopes. The court casts no doubt on the sincerity of these intentions, but they do not describe the current state of affairs.
What is presently certain is that the church, specifically the first floor, is the only tax exempt entity, while the subject premises is not; that both parties agree Respondent is not affiliated with the church, and never has been, (NYSCEF Doc. 13 at ¶15); that Respondent has never attended church services, as she is a member of a different church, St. Paul Community Baptist, (NYSCEF Doc. 10, ¶6); that Petitioner never required Respondent to be affiliated with the church as a condition of the tenancy; and that "Respondent's tenancy on the third floor . . .[has] prevented and still prevents today the church from receiving the sought real estate tax [*3]abatement as she is not affiliated with the Church." (NYSCEF Doc. 13 at ¶15).
The court agrees with Respondent insofar as "Petitioner's only basis for pleading this exemption is . . that Petitioner is allegedly a religious corporation, and that it operates a church in part of the subject building." (NYSCEF Doc. 25 at ¶5). Further, Respondent's argument that RPL §214(14) requires more than mere ownership by a religious corporation is persuasive. (NYSCEF Doc. 25 at ¶6). Assuming the legislature would have deemed ownership a material element of this provision in the statute, they would have mimicked the language of RPL §214(13), which applies to "any 'dormitory owned and operated by an institution of higher education or a kindergarten and grades 1 to 12 . . . or RPL §214(1) which exempts 'premises owned by a small landlord.'" (emphasis added) (NYSCEF Doc. 25 at ¶6). Again, the Legislature failed to do so in RPL §214(14). (See Martin, 35 NY3d at 78 [2020]).
Overall, Petitioner will be unable to prove its prima facie case at trial, particularly with regard to the "use" element of RPL §214(14). The court need not interpret the language of the statute dealing with whether the subject premises is "within" a religious facility as it is moot given that Petitioner has fallen short of one of the necessary elements - "use." (RPAPL §214[14]). The current undisputed facts contravene the gravamen of Petitioner's argument that, "[t]he Church has been using the Subject Unit for rental purposes to further its religious mission of engaging the world with the Christian faith." (NYSCEF Doc. 13 at¶19).
The court acknowledges the lack of appellate and supporting authority on this issue and understands the alleged financial perils the church is going through, especially when they depend on charitable tithings to operate. Be that as it may, one cannot ignore the requirements of RPL §214(14), despite the popular notion that a church is not a building or place, it is the people of faith who attend it. The court refuses to adopt a "King Midas" approach insofar as everything a church has contact with has a de facto presumption of being part of, or for use by, that very institution. As the old adage goes: all that glitters is not gold. Adopting such an approach would allow religious institutions with large real estate portfolios to benefit from this exception, even for properties not being used for religious purposes, which from the language of the statute is not the intent of the Legislature.[FN1]

Given that the court must deem the allegations of the petition as true and construe them in Petitioner's favor, affording Petitioner the benefit of "every reasonable inference," (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]), the court finds that, even with this standard of review, Respondent has met their burden under CPLR §3211(a)(7). Most importantly, Respondent has highlighted Petitioner's infirmities under RPAPL §741(4). Per §741(4), a petition must "adequately set forth the material facts upon which the proceeding was based" and be sufficiently particular to give the court and Respondent adequate notice of the material elements of the proceeding. (Oved v Hasbani, 2025 NY Slip Op 25222, [Civ Ct, Kings County 2025] citing Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 889, 890, [2nd Dept 2018]; see also, Jeffco Mgt. Corp. v Local Dev. Corp of Crown [*4]Heights, 22 Misc 3d 141[A], [App Term, 2nd Dept 2009][Fundamental omissions in the petition which deprive the court and respondent of adequate notice are grounds for dismissal]).
Even with the common practice of "[incorporating] by reference [the facts of] predicate notices into the petition," here both the petition and predicate only recite the language of the statute, without providing any facts substantiating why petitioner need not provide cause to commence this case. (D Equities, Inc. v Cribbs, 2025 NY Slip Op 50775[U], 4, [Civ Ct, Queens County 2025]. Overall, Petitioner falls short of presenting current facts that fit a cognizable legal theory. (Kahlon v DeSantis, 182 AD3d 588 [2d Dept 2020]; Children's Magical Garden, Inc. v Norfolk St. Dev., LLC, 164 AD3d 73, 80 [1st Dept 2018]). 
Accordingly, for the reasons stated above it is
ORDERED that Respondent's motion is granted and the proceeding is dismissed without prejudice.
This constitutes the decision and order of this Court.
DATE February 3, 2026JAVIER E. ORTIZ J.H.C.

Footnotes

Footnote 1:The court notes that some religious organizations own billions of dollars' worth of real estate and rental properties. For example, Trinity Church in lower Manhattan has vast holdings. See 
<https://www.nytimes.com/2019/02/08/nyregion/trinity-church-manhattan-real-estate.html>. Surely the Legislature did not mean to exempt all of these properties from protection simply because they are owned by a church.